UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| LYNDELL GREEN, | ) | |
| | ) | Case Nos. 1:14-cr-129, 1:17-cv-359 |
| *Petitioner*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent*. | ) | |
| | ) | |

**MEMORANDUM OPINION**

Before the Court is Petitioner Lyndell Green's *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 35).[1] Petitioner bases his request for relief on the United States Supreme Court case *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. (*Id.*) Respondent, United States of America, opposes Petitioner's motion. (Doc. 36.) For the following reasons, the Court **DENIES** Petitioner's § 2255 motion (Doc. 35).

I.     BACKGROUND

On November 25, 2014, Petitioner was charged with one count of being a felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1). (Doc. 1.)

---

[1] Although Petitioner actually filed an "Application For Leave to File a Second or Successive Motion to Vacate, Set Aside, or Correct Sentence," the Sixth Circuit determined that Petitioner had not previously filed a § 2255 motion and transferred his motion to this Court for disposition. (*See* Doc. 34.)

On July 28, 2015, Petitioner pleaded guilty to this offense pursuant to a factual basis. (Doc. 21.) Petitioner's Presentence Investigation Report calculated his base-offense level as 20, pursuant to the United States Sentencing Guidelines ("USSG") § 2K2.1(a)(4)(A) because, at the time of his offense, he had sustained a felony conviction for a crime of violence, as defined by USSG § 4B1.2(a).[2] Based on Petitioner's offense level and criminal history, the Court calculated his advisory guidelines range as 84 to 105 months' imprisonment. (*See* Docs. 22, 27.) On August 26, 2015, United States District Judge Curtis L. Collier sentenced Petitioner to 100 months' imprisonment. (Doc. 26.) Petitioner did not file a direct appeal of his conviction or sentence. On August 21, 2017, Petitioner filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 35.) This motion is now ripe for the Court's review.

## II. STANDARD OF REVIEW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

In ruling on a motion made pursuant to § 2255, the Court must also determine whether an

---

[2] At the time of his conviction, Petitioner had a prior felony conviction for Tennessee aggravated assault. (*See* Doc. 22, at 4, 9.)

evidentiary hearing is necessary. "An evidentiary hearing is required unless the record conclusively shows that the petitioner is entitled to no relief." *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018) (quoting *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012)); *see also* 28 U.S.C. § 2255(b). "The burden for establishing entitlement to an evidentiary hearing is relatively light, and where there is a factual dispute, the *habeas* court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Id.* (internal quotations omitted). While a petitioner's "mere assertion of innocence" does not entitle him to an evidentiary hearing, the district court cannot forego an evidentiary hearing unless "the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id.* When petitioner's factual narrative of the events is not contradicted by the record and not inherently incredible and the government offers nothing more than contrary representations, the petitioner is entitled to an evidentiary hearing. *Id.*

### III. ANALYSIS

#### A. Timeliness of Petition

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Petitioner's reliance on *Johnson* triggers the one-year limitations period under subsection (f)(3). *See Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."). The period began to run on June 26, 2015, when *Johnson* was decided. Petitioner's motion was filed well over a year later, on August 21, 2017. As a result, Petitioner's § 2255 motion is not timely and is barred by the one-year statute of limitations.[3] The Court will, therefore, **DENY** Petitioner's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255.[4]

**B. Merits of Petition**

Even if Petitioner's motion were timely, it would fail on the merits. As noted above, Petitioner asserts he is entitled to relief based on the United States Supreme Court's decision in *Johnson*, in which the Supreme Court held that the residual clause of the ACCA, 18 U.S.C. §

---

[3] Petitioner's motion would also be untimely under § 2255(f)(1). As noted earlier, Petitioner did not appeal the district court's August 26, 2015 judgment imposing a 100-month term of imprisonment. "[W]hen a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed." *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004). Federal Rule of Appellate Procedure 4(b)(A) provides that a defendant's notice of appeal must be filed in the district court within fourteen days of the entry of judgment. Thus, Petitioner's judgment of conviction became final on September 9, 2015. Petitioner filed the instant motion on August 21, 2017—almost two years after his judgment of conviction became final and outside the one-year window for requesting collateral relief.

[4] Additionally, nothing in the record supports equitable tolling of the one-year statute of limitations. While the one-year statute of limitations applicable to § 2255 motions is subject to equitable tolling, *Solomon v. United States*, 467 F.3d 928, 933, 935 (6th Cir. 2006), tolling is applied sparingly, *Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005). To be entitled to equitable tolling, a habeas petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). In this case, Petitioner has not provided facts demonstrating that he has been diligently pursuing his rights or that some extraordinary circumstance prevented timely filing the present motion.

924(e), is unconstitutionally vague. 135 S. Ct. at 2563. However, Petitioner was not sentenced based on an enhancement under the ACCA. (*See* Docs. 22, 26.)

Nevertheless, Petitioner argues that his prior conviction for Tennessee aggravated assault no longer qualifies as a crime of violence under USSG § 4B1.2, and that, therefore, his base offense level under § 2K2.1 is incorrect.[5] The Supreme Court has held that the sentencing guidelines "are not amenable to a vagueness challenge," because they are not mandatory, but "merely guide the district courts' discretion." *Beckles v. United States*, 137 S. Ct. 886, 894 (2017). Thus, Petitioner's argument that *Johnson* has any bearing on whether his conviction for Tennessee aggravated assault counts as a crime of violence under USSG § 4B1.2 is misplaced. Moreover, Sixth Circuit precedent dictates that "a conviction for aggravated assault under [Tennessee law] categorically qualifies as a crime-of-violence predicate under the use-of-force clause found in U.S.S.G. § 4B1.2(a)." *Hollom v. United States*, 736 F. App'x 96, 101 (6th Cir. 2018). Accordingly, Petitioner has identified no grounds for relief under § 2255.

## IV. CONCLUSION

For the reasons stated herein, the Court finds that no evidentiary hearing for this motion brought pursuant to 28 U.S.C. § 2255 is necessary and, on the basis of the record before it, that Petitioner is not entitled to relief. Accordingly, the Court **DENIES** Petitioner's § 2255 motion (Doc. 35). Should Petitioner give timely notice of an appeal from this Order, such notice will be treated as an application for a certificate of appealability, which is **DENIED** because he has failed to make a substantial showing of the denial of a constitutional right or to present a

---

[5] Petitioner actually states that his prior conviction for aggravated assault no longer qualifies as a crime of violence under the "ACCA," but because *pro se* plaintiffs "enjoy the benefit of a liberal construction of their pleadings and filings," the Court construes it as an argument that his prior conviction for aggravated assault no longer qualifies as a crime of violence under USSG § 4B1.2. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999).

5

question of some substance about which reasonable jurists could differ.  *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  Additionally, the Court has reviewed this case pursuant to Rule 24 of the Federal Rules of Appellate Procedure and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.  Therefore, any application by Petitioner for leave to proceed *in forma pauperis* on appeal is **DENIED**.  *See* Fed. R. App. P. 24.

    **AN APPROPRIATE JUDGMENT WILL ENTER.**

                                                       **/s/** *Travis R. McDonough*
                                                       **TRAVIS R. MCDONOUGH**
                                                       **UNITED STATES DISTRICT JUDGE**